# IN THE COURT OF APPEALS OF IOWA

No. 19-0001
Filed March 6, 2019

IN THE INTEREST OF T.M.,
Minor Child,

C.M., Father,
          Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District
Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant
father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant
Attorney General, for appellee State.

Kimberly Ayotte of Youth Law Center, Des Moines, attorney and guardian
ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A father appeals a juvenile court order terminating his parental rights. The father claims the State did not prove a ground for termination, an exception to termination under Iowa Code section 232.116(3) (2018) applies, and termination is not in the child's best interest. We find the State established a ground for termination by clear and convincing evidence, no exception to termination applies, and termination is in the child's best interest.

## I.    Background Facts & Proceedings

C.M. is the father of T.M., born in 2010.[1] On April 25, 2018, T.M. was removed from the father's care due to the father's substance abuse while caring for the child. The child had been removed twice before and was adjudicated a child in need of assistance (CINA) from 2011-2013 and 2016-2017. Each time, the father participated in treatment programs and T.M. was returned to his care. The father's rights were terminated to a child before T.M. was born and another child was placed with the child's mother in a different state during the 2016 CINA case.

The father relapsed on methamphetamine in the summer of 2017 shortly after the second CINA case concluded and continued using illegal substances through the time of removal. In November 2017, the father placed the child in the care of an ex-paramour, the mother of one of T.M.'s younger siblings. In early April 2018, the father moved T.M. to the care of a cousin who had been a placement for

---

[1] The mother's parental rights were terminated in 2013.

T.M. in 2016. On May 23, the father stipulated to a CINA adjudication and placement of the child with the cousin.

In June 2018, the father admitted to using methamphetamine and marijuana multiple times a day as well as the occasional use of cocaine since July 2017. At hearings in May, June, and September, the father reported ceasing use of illegal substances, recently completing substance-abuse evaluations, and making plans to enter treatment. He never took any action to begin a substance-abuse-treatment program, refused drug testing in September, and did not engage in recommended mental-health therapy.

In September, the father's current paramour and their new baby both tested positive for opiates. The baby and the paramour's older child were removed from the home due to the substance abuse of both parents. The father and his paramour attempted to sign up for outpatient treatment on December 4, but current evaluations had not been provided to the treatment center.

The court held a termination hearing on December 5. The court heard testimony from the father and the social worker. At the hearing, the father testified he had not been using drugs at the time of the removal and lied on his evaluations to get into treatment. He repeatedly said he was unsure of the last day he used any illegal substance. The father demonstrated a lack of awareness of the effects of his drug usage resulting in removal; he claimed he has not put the child in danger and has been a positive parent while using drugs. He testified he was now willing to participate in the requested services because he realized the child might not return to his care. The social worker, who had worked with the family through the 2016-2017 CINA case as well, testified the father's actions showed an

unwillingness to make permanent changes and resistance to any direction offered by DHS. Both the father and social worker testified the father and child love each other. The child's guardian ad litem recommended termination as in the child's best interest.

On December 18, the court terminated the father's rights to T.M. pursuant to Iowa Code section 232.116(1)(g). The father appeals.

## II.      Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "Clear and convincing" evidence means there are "no serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them." *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

## III.      Analysis

The court terminated the father's rights under Iowa Code section 232.116(1)(g). Under that provision, the State must show the child has been adjudicated CINA, the parent's rights have been terminated as to another child, clear and convincing evidence shows the parent is unable or unwilling to respond to services to correct the situation, and an additional period of rehabilitation would not correct the situation. Iowa Code § 232.116(1)(g). The child was adjudicated

CINA in May 2018, and the father's rights to another child had been terminated in 2003.

The father challenges the third and fourth elements. He contends he is willing and able to attend substance-abuse treatment and has been attending twelve-step meetings. On this point, we find the father's testimony more revealing than his claims on appeal. He testified DHS's requests he attend treatment and take drug tests were "unreasonable" and he hates being told what to do. He failed to recognize his addiction had caused any harm or risk to the child and refused to take any responsibility for the removal and CINA adjudication. He relapsed the weekend after the last CINA case and sent the child to live with others. We agree with the district court that the father's rejection of treatment offered, his history of relapse, and his professed belief he has no need for substance-abuse treatment provide clear and convincing evidence he is unable or unwilling to respond to services to correct the problem. Moreover, his unwillingness to admit his substance addiction is a problem and belief he provides positive parenting care while under the influence of illegal substances are not issues that can be remedied by mere time when the father shows no sincere desire to change. We find clear and convincing evidence supports the termination of the father's parental rights.

The court need not terminate a parent's rights if any of the exceptions found under Iowa Code section 232.116(3) apply. The father claims because the child is in a relative's custody the court should instead establish a guardianship rather than terminate. "[A] guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (citation omitted). Indeed, no mention of guardianship has been raised prior to this appeal. We find

a guardianship would unnecessarily prolong the uncertainty that has been part of the child's entire life. "Children simply cannot wait for responsible parenting. . . . [Parenting] must be constant, responsible, and reliable." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). A guardianship is not appropriate in this case and the relative placement is not a sufficient reason for this court to further delay permanency in the child's life. No exception to termination applies in this case.

Finally, the father claims termination of his rights is not in the child's best interest. The father states he is able to provide financially for the child and loves and cares for the child. "In considering whether to terminate, 'the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The court also considers the bond between the parent and child. *See* Iowa Code § 232.116(3)(c). We will not deprive the child of permanency based on the hope someday the father will learn to parent and provide a stable home for the child. *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). "It is simply not in the best interests of the children to keep them in temporary foster homes while the natural parents get their lives together." *A.B.*, 815 N.W.2d at 778 (citation omitted).

While the father and child love each other, we find termination will promote safety and stability for the child and provide the best placement for the child's long-term growth. The child has been in different schools each year while in the father's care. The father leaves the child in the care of others for months at a time while he relapses. The father does not recognize why he should not be under the

influence of drugs when caring for children and sees any suggestions to improve his parenting as controlling and unreasonable demands by the State. The child has been adjudicated CINA three times and lived in multiple placements, and the father refuses to recognize his actions resulted in removal. The child deserves a safe, stable home free of controlled substances where his mental and emotional needs can be addressed as well as his financial and physical needs. We find termination of the father's rights to be in the child's best interest.

**AFFIRMED.**